# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-10849
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

JAY ANTHONY NOTTINGHAM,

Plaintiff-Appellant

v.

JOEL FINSTERWALD, Sheriff of Wheeler County; JULIAN TORREZ, Deputy Sheriff of Wheeler County; CATHY BURRELL, Independent Executrix of Estate of Jon C. Burrell, also known as Jon Burrell; STEVE STOKES, also known as Stokes,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-250

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Jay Anthony Nottingham, Texas prisoner # 1490726, appeals the jury verdict in favor of Defendants in a 42 U.S.C. § 1983 suit alleging excessive use of force, the denial of his motions for appointment of counsel, and the denial of his postjudgment motions to correct and provide expert review of the trial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record.  He also moves this court to appoint an expert to review the trial record and to strike Defendants' brief.

First, Nottingham contends that the district court erred in denying his motions to correct and provide expert review of the trial record because the trial transcript contained material omissions and errors in the transcription of the testimony of several witnesses.  However, he has failed to overcome the statutory presumption of accuracy of the trial transcript.  *See* 28 U.S.C. § 753(b); *Veillon v. Exp. Servs., Inc.*, 876 F.2d 1197, 1201 (5th Cir. 1989).  For the same reason, he has failed to show that we should appoint an expert to review the trial record, and thus his motion for expert review is DENIED.

Next, Nottingham asserts that appointed counsel was necessary to effectively present his case, but he has not shown any abuse of discretion in the denial of appointment of counsel.  *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  The only issue remaining in the case, whether and which Defendants struck Nottingham and whether he received these injuries before or after he was handcuffed, was not complex; Nottingham had personal knowledge of the operative facts and key witnesses; Nottingham repeatedly demonstrated that he was able to effectively present his case in the instant proceeding as well as other pending cases; and Nottingham's disabilities were accommodated during trial.

Nottingham also contends that a new trial is warranted because the jury's verdict was against the great weight of evidence.  There is no indication in the record that Nottingham moved before or after the verdict for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.  Accordingly, the sufficiency of evidence supporting the verdict is reviewed for plain error to determine "whether there was any evidence to support the jury verdict." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001)

No. 12-10849

(internal quotation marks and citation omitted). Nottingham claimed that Defendants used excessive force against him after he was handcuffed. Defendants presented evidence that Nottingham could have been injured before he was handcuffed, no one beat Nottingham after he was handcuffed, and Defendants were not present when Nottingham was handcuffed. Nottingham offered some contrary testimony, but his credibility was undermined by defense witnesses and his criminal history. There was more than enough evidence to support the verdict. *See id.*

Next, Nottingham contends that the district court made inflammatory and prejudicial remarks during trial when he was attempting to admit an ambulance report, but he fails to identify the location of the remarks in the trial transcript. Instead, he asserts that this remark was not transcribed. Nottingham's assertion about inaccuracies in the trial transcript will not be considered since he has failed to prevail on his claims about the trial transcript.

Nottingham also complains that his credibility was harmed by the presence of uniformed and armed prison guards in proximity to him during trial. Assuming, arguendo, that this claim of error was preserved, any error is harmless since Nottingham's incarceration was apparent to the jury.

We will not consider Nottingham's claim about witness tampering because it is raised for the first time in his reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

Last, Defendants have complied with the applicable rules regarding service of a filing party's brief on an unrepresented party. *See* FED. R. APP. P. 31(b); 5TH CIR. R. 31.1. Nottingham's motion to strike their brief is DENIED.

JUDGMENT AFFIRMED; MOTIONS DENIED.